**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STEPHEN KELLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:17-cv-1005 |
| vs. ) | |
| ) | |
| MEDICREDIT, INC. ) | |
| ) | |
| Serve at: ) | |
|    STK Registered Agent, Inc. ) | **JURY TRIAL DEMANDED** |
|    900 W. 48th Street, ) | |
|    Suite 900 ) | |
|    Kansas City, MO 64112 ) | |
| ) | |
| And ) | |
| ) | |
| DOES 1-4 ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT**

Plaintiff Stephen Kelley ("Plaintiff"), through counsel, brings this Complaint against Defendant Medicredit, Inc. and DOES 1-4 (collectively "Defendants") to secure redress against Defendants for unlawful collection practices that violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and states for his Complaint:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Defendant's acts and

transactions aimed at Plaintiff occurred here; and b) Defendant transacts business in this District.

## PARTIES

3. Plaintiff, Stephen Kelley, is a natural person residing within St. Louis County, Missouri from whom Defendant attempted to collect an alleged debt. He is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692d, and 1692k.

4. Defendant Medicredit, Inc. is a foreign corporation that maintains a registered agent in Missouri and listed the address of 3620 I-70 Dr. SE, Suite C, Columbia, MO 65201 with the Missouri Secretary of State. See records from Missouri Secretary of State, attached as **Exhibit A**.

5. DOES 1-4 are principals, agents, owners, and/or entities related to or affiliated with Defendant whose identities are currently unknown.

6. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions. Specifically, the alleged debt originated from purchasing medical services from "St. Clare Hospital – Fenton".

7. Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts alleged to be due to others within the State of Missouri and this District, among other places.

8. The principal business purpose of Defendant is the collection of debts regularly attempts to collect debt alleged to be due another, and therefore, Defendant qualifies as a debt collector, as defined by § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

9. After March 23, 2016, Defendant sent Plaintiff a collection letter, a portion of which is attached as **Exhibit B**.

10. Defendant's letter demands payment by Plaintiff and states:

**If this debt remains unpaid, then 30 days from the date of this letter the Facility may begin the following Extraordinary Collection Actions (ECAs):**

. . .

) Commence civil action (suit) which may include:

- Garnishment of wages
- Attaching or seizing a bank account
- Placing a lien on residences or other property

**Exhibit B** (emphasis in original).

11. The representation in and import of the letter to consumers such as Plaintiff is that unless the debt is paid within from the date of the letter, consumers such as Plaintiff should expect the commencement of a civil action, garnishment of wages, attachment or seizing Plaintiff's bank account, and/or placement of a lien on Plaintiff's residence or other property.

12. Plaintiff, as a wage earner with a number of financial obligations, could not afford to pay the alleged debt, even if it was valid. Therefore, Plaintiff could not comply with Defendant's demand to pay the debt at issue but rather consulted an attorney for fear of action.

13. Indeed, Defendant took no action against Plaintiff following Defendant's threatening letter.

14. The representation in and import of the letter is deceptive, misleading, and false in contradiction of Plaintiff's right to be free of such conduct pursuant to Section 1692e of the

FDCPA.  *See, e.g., Brown v. Card Service Ctr.*, 464 F.3d 450 (3d Cir. 2005).  Specifically, failure to pay the debt within 30 days of the letter would not (and did not) result in civil action, garnishment, attachment, seizure, or placement of a lien.

15. Specifically, Defendant's statement within its letter to Plaintiff created an illusory 30-day deadline for Plaintiff to make payment when, in fact, no such deadline existed.

16. Defendant's threats of legal action, garnishment of wages, attachment or seizure of Plaintiff's bank account, and/or placement of a lien on Plaintiff's residence or other property were neither authorized by the creditor nor were they actually intended by Defendant.

17. Furthermore, Defendant's threats of garnishment of wages, attachment or seizure of Plaintiff's bank account, and/or placement of a lien on Plaintiff's residence or other property were not only not intended by Defendant but also were actions that could not lawfully be taken in absence of the conclusion of a civil action rendering judgment in Defendant/creditor's favor and post-judgment efforts to take such actions.

18. Even though Plaintiff did not comply with Defendant's demand to pay the debt, Defendant is <u>not</u> believed to have instituted a suit or otherwise enlist an attorney to assist with its collection efforts.  See March 21, 2017 Missouri Case.net Search Results for Plaintiff During 2016 & 2017 attached hereto as **Exhibit C** (reflecting no lawsuits filed against Plaintiff in Missouri after Defendant's letter).

19. After retaining the undersigned and conducting a reasonable search for lawsuits that may have been filed by Defendant or "St. Clare Hospital," Plaintiff believes that Defendant does not actually file lawsuits against consumers.  Furthermore, St. Clare Hospital (not "St. Clare Hospital – Fenton") was found to have filed only one lawsuit – back in 1997.

20. Defendant's representations and direct or implicit threats were designed to coerce and intimidate Plaintiff by creating a false sense of time-urgency as well as the misleading and deceptive threat overstating the actions that Defendant and/or the creditor would take if Plaintiff did not make the payment demanded in Defendant's letter.

21. Defendant's misrepresentations in its letter were material for purposes of 15 U.S.C. § 1692e in that they were objectively the type of threats that would influence an unsophisticated consumer's decision-making.

22. Plaintiff never entered any agreement consenting to arbitrate disputes between himself and Defendant or waiving his right to a trial by jury.

23. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

24. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

25. Defendant's conduct has caused Plaintiff to suffer damages including and as a direct consequence of the Defendant's acts, business practices, and conduct, Plaintiff also has suffered shame, humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

26. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

27. Specifically, Section 1692e dictates that:

> [a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
>> (4) The representation or implication that nonpayment of any debt will result in . . . the seizure, garnishment, attachment or sale of any property or wages of any person unless such action was lawful and the debt collector or creditor intends to take such action.
>>
>> . . .
>>
>> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>>
>> . . .
>>
>> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C §§ 1692e, (4), (5),& (10).

28. Here, Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct and that are fairly tracable to the challenged representations of Defendant.

29. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

30. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000) (citing *Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994)).

## COUNT I: VIOLATION OF THE FDCPA

31. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

32. In its attempts to collect the alleged debt from Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 *et. seq*, including but not limited to the following:

    a. Misrepresenting in a material manner the legal status of the debt and threatening to take action that was neither intended nor authorized. and attempting to coercing Plaintiff into calling Defendant, 15 U.S.C §§ 1692e, (4), (5), & (10);

    b. Using oppressive, deceptive, and unfair collection conduct in the collection of a debt, 15 U.S.C. § 1692d-f.

33. Each of Defendant's violations of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  *See* 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff respectfully requests a judgment be entered by this Court in favor of Plaintiff, and against Defendant, finding that Defendant violated the FDCPA and awarding Plaintiff relief, including:

a. statutory damages of $1,000;

b. actual damages;

c. prejudgment and/or post-judgment interest as permitted by law;

d. costs and reasonable attorneys' fees; and

e. Such other or further relief in Plaintiff's favor as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all Counts so triable.

DATED:  March 22, 2017						Respectfully Submitted,


						By:	/s/ Nathan D. Sturycz
							Nathan D. Sturycz, #61744MO
							100 N. Main, Suite 11
							Edwardsville, IL  62025
							Phone: 877-314-3223
							Fax: 888-632-6937
							nathan@mainstreet-law.com
							*Attorney for Plaintiff*